UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24155-CIV-MARTINEZ-BROWN

JAMIE CASEY,

    Plaintiff,

v.

THE CITY OF MIAMI BEACH,
and EDUARDO MACIAS,

    Defendants.
_____/
             _____

**AMENDED COMPLAINT FOR DAMAGES**
             _____

COMES NOW the Plaintiff, Jamie Casey, by and through her undersigned counsel, and sues the City of Miami Beach, Florida and Eduardo Macias, individually and in his capacity as a police officer for the City of Miami Beach, Florida, and alleges as follows:

**GENERAL AND JURISDICTIONAL ALLEGATIONS**

1.     This is an action for damages in excess of the sum of $15,000.

2.     At all times material, Plaintiff Jamie Casey was a resident of Miami-Dade County.

3.     At all times material, Defendant City of Miami Beach (hereinafter "Miami

Beach") was and is a political subdivision of the State of Florida.

4. At all times material, Defendant Eduardo Macias (hereinafter "Macias") was a police officer for Miami Beach acting within the course and scope of his employment.

## FACTS COMMON TO ALL COUNTS

5. At all times material, Macias was employed, trained, and supervised by Miami Beach.

6. At all times material, Defendants owed Plaintiff a duty of care.

7. At all times material, Defendants had a duty to refrain from violating Plaintiff's constitutional rights.

8. On our about August 23, 2007, Plaintiff was arrested by Macias and another officer at approximately 3:00 a.m. at the 2100 block of Washington Avenue, Miami Beach, Florida.

9. The arrest of the Plaintiff was effectuated without probable cause.

10. Defendant Macias used unreasonable force in handcuffing and forcing the Plaintiff into his police car.

11. Defendant Macias drove Plaintiff to a dark alley at 1100 Washington Avenue where he dragged the Plaintiff out of the police car.

12. Defendant Macias then fondled Plaintiff's breasts and put his hands down her

pants.

13. Defendant Macias again used unreasonable force to put Plaintiff back in his patrol car, putting his tongue down her throat and rubbing her upper thighs with his hands.

14. The charges against Plaintiff—the purported reasons for the arrest—were not prosecuted.

15. Plaintiff has complied with all conditions precedent necessary to bringing this lawsuit pursuant to Florida Statutes §768.28.

## COUNT I—BATTERY CLAIM AGAINST DEFENDANT MACIAS

16. Plaintiff adopts and incorporates paragraphs 1-15 as if set forth at length herein.

17. This is a claim for battery against the Defendant Macias.

18. The contact inflicted upon the Plaintiff by the Defendant Macias was harmful or offensive.

19. Macias intended to cause the harmful or offensive contact with the Plaintiff.

20. Macias acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights.

21. As a result of the battery upon her, the Plaintiff sustained damages.

## COUNT II—FALSE IMPRISONMENT
## CLAIM AGAINST DEFENDANT MACIAS

22. Plaintiff adopts and incorporates paragraphs 1-15 as if set forth at length herein.

23. This is a count for false imprisonment against the Defendant Macias.

24. The Defendant intended to confine the Defendant against her will.

25. The Defendant confined the Plaintiff against her will.

26. The Plaintiff was conscious of her confinement by the Defendant.

27. The Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights in falsely imprisoning the Plaintiff.

28. As a result of her false imprisonment, the Plaintiff sustained damages.

## COUNT III—VICARIOUS LIABILITY OF
## CITY OF MIAMI BEACH FOR BATTERY

29. Plaintiff adopts and incorporates paragraphs 1-15, 18, 19, and 21 as if set forth at length herein.

30. This is a Complaint against the Defendant City of Miami Beach for vicarious liability for battery.

31. This Count is in the alternative to Count I.

32. The batteries committed by the Defendant Macias were within the course and

scope of his employment and were not committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights.

33. As a result of the batteries upon the Plaintiff, she sustained damages.

## COUNT IV—VICARIOUS LIABILITY OF CITY OF MIAMI BEACH FOR FALSE IMPRISONMENT

34. Plaintiff adopts and incorporates paragraphs 1-15 and 24 through 26 and 28, as if set forth at length herein.

35. This is a Count for vicarious liability against the City of Miami Beach for false imprisonment.

36. This Count is set forth in the alternative to Count II.

37. The false imprisonment of the Plaintiff by the Defendant Macias was committed within the course and scope of his employment, and was not committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights.

38. As a result of her false imprisonment, the Plaintiff sustained damages.

## COUNT V—42 U.S.C. §1983 CLAIM AGAINST DEFENDANT EDUARDO MACIAS

39. Plaintiff adopts and incorporates paragraph 1 through 15, 18, 19, 21, 24-26, and 28 as if set forth at length herein.

40. This is a count for violation of the Plaintiff's civil rights brought pursuant to 42 U.S.C. §1983.

41. Plaintiff has a constitutional right to be free from false arrest and imprisonment, use of unreasonable and/or excessive force, and sexual battery.

42. Defendant Macias, while acting under the color of law, falsely arrested and imprisoned, physically and sexually battered the Plaintiff with deliberate indifference to her constitutional rights.

43. The right to be free from illegal seizure, false imprisonment, unreasonable force, and sexual battery is clearly established. *See Wynn v. City of Lakeland*, 2010 U.S. Dist. LEXIS 73056 (M.D. Fla. July 16, 2010).

44. Plaintiff's rights were further violated due to Defendant Macias providing false information in order to justify the false arrest and imprisonment and his illegal use of force on the Plaintiff.

45. As a direct and proximate result of the unlawful arrest, unreasonable force and harmful contact endured by Plaintiff, due to the Defendant's deliberate indifference resulting in violations of her rights under the Fourth and Fourteenth Amendments, she has sustained damages.

46. Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable as a matter of right by a jury.

WHEREFORE, the Plaintiff requests entry of judgment in her favor against both Defendants following trial by jury, for an award her damages, attorney's fees, and costs, and to all further relief to which she is entitled.

Respectfully submitted,

| | |
|---|---|
| WASSON & ASSOCIATES, CHARTERED | ROBERT M. MILLER, P.A. |
| Courthouse Plaza—Suite 600 | 5915 Ponce De Leon Blvd. |
| 28 West Flagler Street | Suite 12 |
| Miami, FL 33130 | Coral Gables, FL 33146 |
| (305) 372-5220 Telephone | (305) 665-1993 Telephone |
| (305) 372-8067 Facsimile | (305) 662-9119 Facsimile |
| *roy@wassonandassociates.com* | *millerlaw@aol.com* |

Counsel for Plaintiff

By: s/Roy D. Wasson
ROY D. WASSON
Florida Bar No. 332070

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this the 31st day of January, 2011.

                                                  By:    s/Roy D. Wasson
                                                            ROY D. WASSON
                                                            Florida Bar No. 332070

**SERVICE LIST**

Counsel for Plaintiff

Robert M. Miller
Robert M. Miller, P.A.
5915 Ponce De Leon Blvd., Suite 12,
Coral Gables, Florida 33146
*millerlaw@aol.com*

Roy D. Wasson
Wasson & Associates, Chartered
Courthouse Plaza—Suite 600
28 West Flagler Street
Miami, FL 33130
(305) 666-5053 Telephone
(305) 666-9511 Facsimile
*roy@wassonandassociates.com*

Counsel for Defendant City of Miami Beach

Robert F. Rosenwald, Jr.
Sr. Assistant City Attorney
City Attorney's Office
City of Miami Beach
1700 Convention Center Drive, 4th Floor
Miami, Florida 33139
*robertrosenwald@miamibeachfl.gov*

Counsel for Defendant Carlos Noriega

Joshua M. Entin
Rosen Switkes, & Entin, P.L.
407 Lincoln Road, PH SE
Miami Beach, Florida 33139
*jentin@rosenandswitkes.com*